UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                                  MEMORANDUM AND ORDER

          Plaintiff,                CR 02-74

   -against-                    (Wexler, J.)

JAMAL ROSS,

         Defendant.
----------------------------------------------------X

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★  FEB 15 2011  ★

LONG ISLAND OFFICE

APPEARANCES:

    JAMAL ROSS, Defendant, Pro Se
    68103-053
    FCI Williamsburg
    P.O. Box 340
    Salters, SC 29590

    LORETTA E. LYNCH, UNITED STATES ATTORNEY
    BY: CHARLES N. ROSE, ESQ.
    EASTERN DISTRICT OF NEW YORK
    610 Federal Plaza
    Central Islip, New York 11722-4454

WEXLER, J.

Presently before the court is the motion of Defendant Jamal Ross ("Defendant") seeking to modify his term of imprisonment. Defendant seeks modification on the grounds that: (1) subsequent to his sentencing, the Sentencing Guideline base offense level for his crime was reduced by two levels; and (2) his is entitled to a reduction in sentence pursuant to the Fair Sentencing Act of 2010, as applied to crack cocaine offenses.

## BACKGROUND

On April 28, 2003, Defendant pled guilty to distribution and possession of cocaine base

1

with intent to distribute, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C). The presentence report, adopted by this court, indicates that Defendant had two prior felony convictions for controlled substance offenses. His guideline determination was therefore made pursuant to Defendant's status as a Career Offender as defined in Section 4B1.1 of the Sentencing Guidelines. Although the Guideline range for Defendant's term of imprisonment was 235-240 months, this court, in recognition of Defendant's cooperation with the government and its issuance of a §5K1.1 letter, sentenced Defendant to a term of imprisonment of 175 months.

## DISCUSSION

Defendant first seeks a reduction in his sentence based upon amendments to the Sentencing Guidelines that reduced the base offense level for crack offenses by two levels. See U.S.S.G. §1B1.10. Pursuant to 18 U.S.C. §3582(c), this court may modify a previously imposed term of imprisonment unless, inter alia, such a reduction is inconsistent with policy statements issued by the Sentencing Commission. 18 U.S.C. §3582(c)(2). Section 1B1.10 of the Guidelines explains that a modification of a sentence is not consistent with policy statements where the reduction at issue does not lower the defendant's guideline range because the sentence imposed was the result of application of a guideline that was not lowered.

Defendant's guideline range was based upon his status as a Career Offender. He was therefore sentenced pursuant to §4B1.1 of the Sentencing Guidelines, and not pursuant to the provision that has been changed to result in the two point reduction that Defendant seeks. Because there has been no change in the Career Offender guidelines, there are no grounds for this court to modify Defendant's sentence on the ground that it was based upon a "subsequently lowered guideline range." See 18 U.S.C. § 3582(c)(2). Accordingly, the court denies the motion

2

to modify Defendant's sentence to the extent that it is based upon the crack cocaine base offense level reduction. United States. v. Howard, 331 Fed. Appx. 818 (2d Cir. 2009) (where Defendant is sentenced as a career offender, the sentence may not be modified based upon lowering of the base level for crack cocaine convictions); see also United States. v. Sanchez, 2010 WL 5299764 *1 (S.D.N.Y. 2010) (defendant ineligible for sentence reduction where initial sentence was not imposed pursuant to a subsequently lowered guideline).

Nor can Defendant's sentence be reduced pursuant to the Fair Sentencing Act of 2010 (the "FSA"). The FSA changes the crack to powder cocaine ratio, and amends the sentencing provisions in 21 U.S.C. §841(b)(1), by raising the weight of crack necessary to trigger mandatory minimum sentences. See United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010). Defendant cannot take advantage of this change in the law. He was sentenced years before enactment of the FSA, and the Second Circuit has made clear that it is not to be retroactively applied. See United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010); Sanchez, 2010 WL WL 5299764 *1.

## CONCLUSION

For the foregoing reasons, the motion to correct Defendant's sentence is denied. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
February 15, 2011

3